Shippen, President,
-said, in tbis case, tbat tbe court would never open a regular judgment, to let in a plea of tbe statute of limitations, (a)

 In Dutilh v. Miller, 2 Bro. 311; Judge Hemphill remarked, that the authority of Brown v. Sutter remained undisturbed by any decision in the state, with which they were acquainted. The court, however, in that case, determined, that if the defendant (against whom judgment had been entered for want of an appearance) would swear that the money was actually paid, or in any way settled or accounted for, they would not restrict him from pleading the statute of limitations; but upon a general affidavit of defence merely, they would not open the judgment, to give him tbe opportunity of pleading the statute.[1]

 See Ekel v. Snevily, 3 W. & S. 273, where Chief Justice Gibson says, this case would not now be held for law, as a rule of-practice.